UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RENEE O'TOOLE,

*Plaintiff*,

v.

TOFUTTI BRANDS, INC. & DAVID MINTZ,

*Defendants*.

Civil Action No. 15-8841

**OPINION**

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of the Motion for Summary Judgment filed by Defendants Tofutti Brands, Inc. ("Tofutti" or the "Company") and David Mintz (collectively "Defendants"), which was filed in lieu of answering Plaintiff Renee O'Toole's Complaint and without leave of the Court. D.E. 8. Plaintiff opposed the motion (D.E. 17-19) and Defendants filed a reply (D.E. 21). The parties also submitted supplemental letter briefs regarding jurisdiction. D.E. 28, 32. No discovery has been taken in this matter. The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began working as a laboratory technician at Tofutti on September 15, 2008. Compl. ¶ 12, D.E. 1. In November 2008, Defendants also hired Plaintiff to prepare meals for Defendant Mintz, Tofutti's founder and CEO, at his home twice a week. *Id.* ¶ 16. "Due to her

1

positive performance as a laboratory technician," Plaintiff was promoted to Director of Research and Development in 2012. *Id.* ¶ 14. As the Director, she supervised testing and was responsible for the food formula laboratory. *Id.* ¶ 15. Plaintiff reported directly to Mintz both in her capacity as his personal chef and as the Director of Research and Development. *Id.* ¶ 17. Plaintiff's four count complaint against Defendants alleges that Mintz sexually harassed and subjected her to a hostile work environment. Plaintiff contends that Mintz made "near daily" discriminatory remarks and engaged in repeated discriminatory behavior due to her gender. *Id.* ¶¶ 20-25. Plaintiff alleges that she was ultimately terminated on February 11, 2015 "because she rebuffed Defendant Mintz's sexual advances and complained about his regular sexual harassment." *Id.* ¶¶ 31-32.

Plaintiff's complaint asserts that this Court has federal subject matter jurisdiction over the matter due to a Title VII retaliation claim (Count One) and a Title VII hostile work environment claim (Count Two) against Tofutti. *Id.* ¶¶ 3, 33-44. Plaintiff's complaint also asserts two counts pursuant the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*, against Tofutti and Mintz as employers, and against Mintz individually for aiding and abetting the discriminatory conduct (Counts Three and Four). *Id.* ¶¶ 45-60. Plaintiff's complaint asserts that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the LAD claims. *Id.* ¶ 3.

Defendants filed this motion for summary judgment in lieu of answering the complaint. Defendants state that "[i]t is irrefutable that Tofutti did not employ more than fourteen employees during any twenty-week period for the relevant years." Defs' Br. at 8. To support this argument, Defendants provided payroll records only from the fourth quarters of 2014 and 2015, but failed to include any payroll records (or other information) for the complete time period covering the alleged hostile work environment or for all of 2014 and 2015. *See* Affidavit of Steven Kass ("Kass

Aff.") Exs. 1, 4 (D.E. 8-4, 8-7). Defendants argue that this evidence establishes that Tofutti is not a covered employer under Title VII so Plaintiff's Title VII claims must be dismissed. Defs' Br. at 9-10. Defendants further argue that because the Title VII claims are not viable, the Court should not retain supplemental jurisdiction over Plaintiff's LAD claims. As a result, the complaint should be dismissed in its entirety. *Id.* at 10-11. In the alternative, Defendants argue that the LAD claims against Mintz in his individual capacity must be dismissed because he is not an "employer" pursuant to the LAD and cannot be personally liable because he could have not aided and abetted his own conduct. *Id.* at 12-17.

Plaintiff argues that Defendants' motion for summary judgment is premature and that she should be provided with an opportunity to conduct discovery regarding the number of people employed by Tofutti. Plf's Br. at 10-14. Plaintiff argues that discovery is needed to properly oppose Defendants' motion, noting that no discovery has been taken because Defendants filed this motion in lieu of answering the complaint. *See* Certification of Corey M. Stein (Stein Cert.) ¶¶ 7-10 (D.E. 17); Certification of Renee O'Toole (O'Toole Cert.) ¶ 11 (D.E. 18). Further, Plaintiff alleges that she worked with people in Tofutti's lab who "were not listed on the pay records that Defendants submitted with their Motion for Summary Judgment." O'Toole Cert. ¶¶ 6-7. Plaintiff alleges that at least one of these individuals, a lab technician named Sara Schenker, "worked on Defendants' premises, us[ed] Defendants' equipment, and w[as] directed in [her] job duties by Defendants."[1] *Id.* ¶ 8. As result, Plaintiff argues that she has provided a legitimate basis for requesting leave to take discovery and that Defendants' assertion that it is not a covered employer

---

[1] In their reply brief, Defendants allege that Ms. Schenker "worked at Tofutti as an independent contractor and was never employed by nor served as an employee of Tofutti." Defs' Reply at 1-2 (D.E. 21); *see also* Supplemental Affidavit of Steven Kass ¶¶ 2-8 (D.E. 21-1).

3

is without merit or, at best, premature. Plf's Br. at 11-14. Plaintiff also argues that Mintz can be liable under the LAD as an employer and for aiding and abetting his own conduct. *Id.* at 15-21.

After the motion for summary judgment was fully briefed, the parties filed a "Consent to Submit Supplemental Argument," requesting leave for Plaintiff to file an additional brief alleging that the Court also has diversity jurisdiction over Plaintiff's LAD claims, although diversity jurisdiction was not asserted in the Complaint. D.E. 25. The Court granted this request and also gave Defendants leave to file a brief in opposition. D.E. 26. Plaintiff filed a supplemental letter brief arguing that this Court has diversity jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1332(a), because at the time of filing the parties were completely diverse and the amount in controversy exceeded $75,000. Because the Court has diversity jurisdiction, Plaintiff argued that the LAD claims should not be dismissed on jurisdictional grounds. Plf's Ltr. Br. at 1-2 (D.E. 28). Plaintiff also requested leave to amend her Complaint, pursuant to Fed. R. Civ. P. 15, to plead diversity jurisdiction. *Id.* at 2. Defendants filed a letter brief opposing Plaintiff's argument as to diversity jurisdiction, stating that parties are not diverse. Specifically, Defendants alleged that "there is evidence that Plaintiff[] resided in New Jersey throughout her employment with Tofutti." Defs' Ltr. Br. at 2 (D.E. 32).

## II.    SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary

4

judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III. ANALYSIS

#### A. TITLE VII CLAIMS (COUNTS ONE AND TWO)

Title VII only applies to entities that qualify as an "employer" as defined by the statute. An "employer" is "a person engaged in an industry affecting commerce who has *fifteen or more*

5

*employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b) (emphasis added). Whether an employer has the requisite number of employees is a substantive element of a Title VII claim. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003). A plaintiff has the burden to establish that her employer had at least fifteen employees during the requisite time period, such that it is subject to Title VII liability. *Rife v. Borough of Dauphin*, 647 F. Supp. 2d 431, 442 (M.D. Pa. 2009). If a plaintiff does not satisfy her burden, a court should grant summary judgment for the defendant. *See, e.g., id.* (granting summary judgment for defendant because it never employed fifteen or more people).

Defendants state that "it is irrefutable that Tofutti did not employ more than fourteen employees during any twenty-week period for the relevant years." Defs' Br. at 8. Defendants assert that Tofutti's payroll records establish that it only had fourteen employees in 2015. SOMF ¶ 6 (D.E. 8-1); Kass Aff. Ex. 4. In 2014, Defendants assert that there were only twelve weeks in which Tofutti had more than fourteen employees on the payroll. SOMF ¶¶ 7-10; Kass Aff. Ex. 1. Defendants also assert that all of Tofutti's employees are directly employed by the company. SOMF ¶ 11. As a result, Defendants argue that "in light of the unequivocal documentary evidence," Plaintiff's Title VII claims must be dismissed because Tofutti is not subject to Title VII liability. Defs' Br. at 9. As noted, Defendants produced evidence only for the period pertaining to the alleged retaliatory conduct, the firing, and not for the entire period of the alleged hostile work environment. Moreover, as to the years in which Defendants did provide payroll information, 2014 and 2015, they did not provide complete data. Instead they provided payroll information for only a single quarter for each of the two years.

Plaintiff argues that summary judgment is premature and she should be provided with an opportunity to conduct discovery as to the number of individuals employed by Tofutti. Plf's Br. at 10-14. In opposing this motion, Plaintiff submitted a certification explaining that she worked with individuals at Tofutti that do not appear on the Company's payroll records. O'Toole Cert. ¶¶ 6-8. Plaintiff's attorney's certification explains that the parties have not conducted any discovery because Defendants filed this motion in lieu of answering the complaint, and sets forth the scope of discovery that is necessary to determine how many individuals were employed by Tofutti. Stein Cert. ¶¶ 7, 10-17. Plaintiff argues that the information she seeks through discovery "is directly related to whether Defendants had 15 or more employees as required by Title VII," and that "[w]ithout this information, Plaintiff is unable to adequately present facts essential to her opposition of Defendants' Motion for Summary Judgment." *Id.* ¶¶ 16-17.

"It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Shelton v. Bledsoe*, 775 F.3d 554, 565-66 (3d Cir. 2015) (quoting *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)). Moreover, Fed. R. Civ. P. 56(d) provides that "if a nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To request an opportunity to take additional discovery pursuant to Rule 56(d), a party may submit an affidavit or declaration setting forth "what particular information is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained." *Shelton*, 775 F.3d at 568 (quoting *Dowling v. City of Philadephia*, 855 F.2d 136, 140 (3d Cir. 1988)). Of course, in this case, Plaintiff is not merely seeking additional discovery – she is seeking discovery in the first instance. Courts grant properly

filed requests to take additional discovery "as a matter of course." *Id.* at 568. "[I]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Id.*; *see also Pepe v. Cavalry SPV I, LLC*, No. 15-8634, 2016 WL 3027335, at *3 (D.N.J. May 26, 2016) (denying motion for summary judgment where motion was filed "merely twelve days after serving [defendant] with the Complaint; [and] discovery remains incomplete as to several material facts.").

At the outset, the Court denies Defendants' motion as it pertains to the hostile work environment claim as Defendants have utterly failed to produce any evidence regarding the entire period. As discussed, for Title VII purposes an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Courts have determined that the current calendar year is the year in which the alleged discrimination occurred. *Pasquale v. Gen. Scis., Inc.*, No. 09-1735, 2010 WL 1558717, at *5 (E.D. Pa. Apr. 19, 2010) (citing *Komorowski v. Townline Mini-Mart & Rest.*, 162 F.3d 962, 965 (7th Cir. 1998)). In this instance, Plaintiff alleges that she was subject to a hostile work environment during her entire period of employment with Tofutti, from 2008 to 2015. Compl. ¶¶ 5, 20-22. Tofutti, however, only provided a portion of its payroll records for just two of the years she was employed.[2]

---

[2] Defendants represent that the fourth quarter payroll records that they provided "reflects all individuals employed by Tofutti" in 2014 and 2015. Kass Aff. ¶¶ 7, 12. Even if this statement is true, Plaintiff should be provided with an opportunity to conduct discovery and test the accuracy of Defendants' statement. And while this motion would still be denied for the reasons stated below, the better practice would have been for Defendants to produce payroll records from all four quarters for every applicable year.

8

As to the Title VII retaliation claim, Defendants provided evidence of the number of employees Tofutti employed for only a single quarter of 2014 and 2015, the two relevant years for this alleged discriminatory act. On this basis alone, the failure to provide complete information, the Court denies Defendants' motion.

However, even if Defendants had provided data for the full two years, Plaintiff's request for additional discovery pursuant to Rule 56(d) is proper. The affidavits submitted in opposition to the motion for summary judgment establish that Plaintiff seeks discovery regarding the number of Tofutti's employees, that this information could preclude granting summary judgment for Defendants, and provides a legitimate basis as to the need for discovery, namely that Plaintiff worked with individuals at Tofutti that do not appear on the payroll records. O'Toole Cert. ¶¶ 6-8; Stein Cert. ¶¶ 7, 10-17. Plaintiff also establishes that because Defendants filed their motion for summary judgment instead of answering the complaint, the parties have not engaged in any discovery. O'Toole Cert. ¶ 11; Stein Cert. ¶¶ 7, 10-17. Because discovery is incomplete (indeed, non-existent), the Court denies Defendants' motion as to the Title VII claims and will permit discovery into the number of Tofutti's employees during the applicable time period set forth in the Complaint. To be clear, the discovery will include the period of the alleged hostile work environment and the calendar year prior to its onset, as required by Title VII. Further, the Court denies Defendants' request that this discovery be limited to Ms. Schenker's employment. Defs' Reply at 12 (D.E. 21).

The Court further disagrees with Defendants' argument that discovery regarding the number of employees would be futile because "the court is required to follow the payroll approach." *Id.* at 11-12. The Supreme Court has stated that courts should use the "payroll method," which looks at how many employees appear on a defendant's payroll records for the

9

applicable year, to determine whether the defendant has the requisite number of employers under Title VII. *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 207, 211 (1997). However, while the payroll method may be the primary method employed, it is not necessarily the only one. *Id.* at 211-12. The Supreme Court recognized that "the ultimate touchstone . . . is whether an employer has employment relationships" based on principles of agency law. *Id.*; *see also Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 445 (2003) (concluding that courts should look to common-law agency principles to determine whether an individual is an employee). As a result, "[a]ppearance on the payroll . . . is not dispositive" to the determination of whether a defendant has the required number of employees. *Babich v. Mgmt. & Tech. Resources, Inc.*, No. 06-1502, 2008 WL 356480, at *3 (W.D. Pa. Feb. 6, 2008). Consequently, a court must use principles of agency law to ascertain whether an employer is subject to Title VII liability. *See, e.g., Pasquale*, 2010 WL 1558717, at *7-11 (applying *Darden* factors[3] to conclude that two individuals on defendant's payroll were independent contractors and not employees for Title VII purposes).

### B. SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS (COUNTS THREE AND FOUR)

---

[3] In *Nationwide Mut. Ins. Co. v. Darden*, the Supreme Court outlined a common-law test that incorporated "traditional agency law principles" to determine whether an individual is an employee for the Employee Retirement Income Security Act ("ERISA"). 503 U.S. 318, 323 (1992). *Darden* provides a non-exhaustive list of relevant factors for courts to use to make this determination. The factors include: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 214 (3d Cir. 2015). The Third Circuit has applied the *Darden* factors in the Title VII context. *Id.* at 213.

10

Defendants argue that if the Court dismisses Plaintiff's Title VII claims it should not retain supplemental jurisdiction over Plaintiff's state law LAD claims. Defs' Br. at 10-11. Supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), allows federal courts to hear state law claims "when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998); *see also Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011) (stating the "a court may exercise [supplemental] jurisdiction over related matters arising out of the case in which it has initial jurisdiction"). Supplemental jurisdiction, however, is discretionary. A court may decline to exercise its jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Plaintiff's LAD claims clearly arise from the same conduct that form the basis of her Title VII claims. As a result, supplemental jurisdiction is proper. *See Nat'l City Mortg.*, 647 F.3d at 85 (concluding that court had supplemental jurisdiction over closely related state law claims). Defendants do not appear to dispute this point. Because the Court is not dismissing Plaintiff's Title VII claims, it will continue to exercise supplemental jurisdiction and will not dismiss the LAD claims. Consequently, Defendants' motion for summary judgment is denied as to this argument.[4]

---

[4] After this motion was fully briefed, the parties were given leave to file supplemental briefs addressing whether the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). D.E. 26. In her supplemental brief, Plaintiff alleged that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. As a result, Plaintiff requested that the Court grant her leave to amend the Complaint to properly plead diversity jurisdiction. D.E. 28. Fed. R. Civ. P. 15(a)(2) provides that a party may amend her pleadings if (1) her adversary consents or (2) with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Pursuant to this liberal standard, a court should grant leave to amend where there is an absence of undue delay, bad faith, prejudice or futility. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In this instance, there is no indication of undue delay, bad faith, prejudice or futility

11

## C. NEW JERSEY LAW AGAINST DISCRIMINATION CLAIMS (COUNTS THREE AND FOUR)

Defendants argue that Plaintiff's LAD claims against Mintz in his individual capacity must be dismissed because an individual cannot be liable under the LAD for his own discriminatory conduct. Defendants contend that an individual can only be personally liable for aiding and abetting prohibited conduct and that an individual cannot aid and abet his own conduct. Defs' Br. at 13-17.

The LAD, through N.J.S.A. 10:5-12(a), prohibits unlawful employment practices and discrimination by an employer. *Tarr v. Ciasulli*, 181 N.J. 70, 83 (N.J. 2004). An employer "includes one or more individuals, partnerships, associations, organizations, labor organizations, corporations, legal representatives, trustees in bankruptcy, receivers, and fiduciaries." N.J.S.A. 10:5-5(a), (e). The definition of employer does not include an individual supervisor. *Tarr*, 181 N.J. at 83. "[I]ndividual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the aiding and abetting mechanism." *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 594 (N.J. 2008).

Pursuant to N.J.S.A. 10:5-12(e), it is unlawful "[f]or any person, whether an employer or employee . . . to aid, abet, incite, compel or coerce any of the acts forbidden under [the LAD]." To conclude that an individual person is liable under an aiding and abetting theory there must be "active and purposeful conduct." *Tarr*, 181 N.J. at 83. Specifically,

> a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.

---

of amendment. As a result, Plaintiff is granted leave to amend her pleadings to assert diversity jurisdiction if she chooses to do so.

12

*Id.* at 84 (quoting *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)) (internal quotations marks and brackets omitted).

In addition, courts construe the aiding and abetting theory broadly, such that an individual supervisor can aid and abet his own conduct. "Based on the 'broad and pervasive' reach of the LAD, and the requirement that it be liberally construed to effectuate its purpose, any suggestion that N.J.S.A. 10:5-12(e) permits individual liability for a supervisor who encourages or facilitates another employee's harassing conduct, while precluding individual liability for the supervisor based on his or her own discriminatory or harassing conduct, appears to us to be untenable." *Rowan v. Hartford Plaza Ltd.*, No. A-0107-11T3, 2013 WL 1350095, at *8 (N.J. App. Div. Apr. 5, 2013); *see also DeSantis v. N.J. Transit*, 103 F. Supp.3d 583, 591 (D.N.J. 2015) ("New Jersey courts have held that an individual can aid and abet, not only the conduct of another person, but that person's own conduct."); *Mann v. Estate of Meyers*, 61 F. Supp. 3d 508, 529-30 (D.N.J. 2014) (concluding that supervisor was a proper party under the LAD because "an individual can be held liable under the aiding and abetting provision even where the individual performed the acts of discrimination himself"). The clear weight of authority demonstrates that Mintz can be personally liable under the LAD.

Defendants argue that this Court should not follow *Rowan* because it is an unpublished decision that "cannot be cited for precedential purposes." Defs' Reply at 15. While the Court is not bound to follow *Rowan*, the Court finds it persuasive and adopts its ruling here. As the court in *Rowan* observed, it would indeed lead to a perverse result if a supervisor could be liable for aiding and abetting another employee but completely escape liability for his own, independent wrongful conduct. The LAD is a remedial statute and, as a result, it is to be interpreted liberally to reach the prohibited conduct of workplace discrimination. 2013 WL 1350095, at *8.

13

Defendants argue that this Court must instead follow the test for aiding and abetting liability as established by *Cowher v. Carson & Roberts*, 425 N.J. Super. 285 (N.J. App. Div. 2012). Defs' Reply at 14. However, despite Defendants' contentions to the contrary, *Cowher* does not address the issue in this case: whether a supervisor can aid and abet his own conduct. *Cowher* addressed the fact that a supervisor must be actively involved in the aiding and abetting; it does not address whether an individual can aid and abet his own conduct. In *Cowher*, the court determined that the question of whether two supervisors who both allegedly engaged in wrongful conduct could be liable under the aiding and abetting theory was for the jury. *Cowher*, 425 N.J. Super. at 304. The Appellate Division, however, squarely addressed whether a supervisor could aid and abet himself in *Rowan*. 2013 WL 1350095, at *8. Although *Rowan* is not binding on this Court, it is the only Appellate Division case that deals with this issue head on and has been affirmatively cited by numerous courts in this district. *See, e.g., Mann*, 61 F. Supp. 3d at 529; *Fado v. Kimber Mfg., Inc.*, No. 11-4772, 2016 WL 3912852, at *8-9 (D.N.J. July 18, 2016); *Brown-Marshall v. Roche Diagnostics Corp.*, No. 10-5984, 2013 WL 3793622, at *7 (D.N.J. July 13, 2013). *Rowan* and the cases in this district demonstrate that Plaintiff's theory of relief as to Mintz in his individual capacity is actionable.[5]  As a result, Defendants' Motion for Summary Judgment to the extent it deals with the individual claims asserted against Mintz is denied.

---

[5] Defendants cite to a number of decisions from courts in the District of New Jersey which held that a supervisor cannot be individually liable for aiding and abetting his own conduct. Defs' Br. at 15. These cases, however, were all decided before *Rowan*. And as discussed, "[c]ourts in this district have found the reasoning in *Rowan* persuasive and followed its holding." *Godfrey v. Thermco*, No. 13-4750, 2013 WL 5952046, at *6 (D.N.J. Nov. 4, 2013) (denying motion to dismiss LAD claim based on an argument that a supervisor cannot aid and abet his own conduct).

14

## IV.   CONCLUSION

For the foregoing reasons and for good cause shown Defendants' Motion for Summary Judgment (D.E. 8) is **DENIED** without prejudice. An appropriate form of order accompanies this opinion.

Dated: August 26, 2016

John Michael Vazquez, U.S.D.J.